UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Joseph Martin<br>606 West Saddle Ln.<br>Payson, AZ 85541<br><br>and<br><br>Dorean Martin<br>606 West Saddle Ln.<br>Payson, AZ 85541<br><br>   Plaintiffs,<br><br>v.<br><br>Client Services, Inc.<br>c/o CT Corporation System, Registered Agent<br>2394 E. Camelback Rd.<br>Phoenix, AZ 85016<br><br>   Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are people that incurred a consumer debt primarily for personal, family or household purposes.

3. Plaintiff Dorean Martin ("Dorean") and Plaintiff Joseph Martin ("Joseph") are lawfully married.

4. Defendant is a corporation doing business primarily as a consumer debt collector.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

6. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. On or around January 9, 2008, Defendant telephoned Joseph on Joseph's work-issued cell phone.

11. During the communication referenced in Paragraph 10, Joseph notified Defendant that he could not receive personal telephone calls on his work-issued cell phone and/or that it was inconvenient for Joseph to receive Defendant's telephone calls on his work-issue cell phone.

12. During the communication referenced in Paragraph 10, Defendant represented to Joseph that, unless Joseph made a payment on the debt, Defendant would garnish Joseph's wages.

13. Despite to notices referenced in Paragraph 11, on January 15, 2008, Defendant telephoned Joseph on his work-issued cell phone.

14. On or around January 15, 2008, Dorean telephoned Defendant and left a message.

15. During the message referenced in Paragraph 15, Dorean asked Defendant to stop calling Joseph's work-issued cell phone, and provided Dorean's cell phone number as an alternative contact telephone number.

16. In or around February 2008, Defendant telephoned Dorean.

17. During the communication referenced in Paragraph 16, Dorean notified Defendant that Joseph and Dorean retained a bankruptcy attorney and provided the attorneys' contact information.

18. Despite the notice referenced in Paragraph 17, Defendant telephoned Joseph and Dorean several times throughout the months of March, April, May, June and July of 2008.

19. During at least one of the communications referenced in Paragraph 18, Defendant represented to Dorean that, unless the debt was paid, Defendant would garnish Plaintiffs' wages.

20. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c by calling Joseph at work after it was informed that Joseph did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiffs notwithstanding the fact that Dorean told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiffs.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiffs.

## JURY DEMAND

34. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.  For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

                        MACEY & ALEMAN

                        By: */s/ Carlene M. Simmons*
                        Carlene M. Simmons
                        101 N. First Ave.
                        Suite 2340
                        Phoenix, AZ 85003
                        Tel: 602-279-1555
                        Fax: 602-279-5544
                        cms@legalhelpers.com
                        *Attorney for Plaintiff*